**Clarence HOBBS, Petitioner,**

v.

**CLINCHFIELD COAL CO.; Director, Office of Workers Compensation Programs, United States Department of Labor, Respondents.**

No. 89–2458.

United States Court of Appeals, Fourth Circuit.

Argued April 6, 1990.

Decided Oct. 24, 1990.

Frederick Wayne Adkins, Cline, Adkins & Cline, Norton, Va., for petitioner.

Priscilla Anne Schwab, Office of the Sol., U.S. Dept. of Labor, Washington, D.C., Mi-

chael Francis Blair, Penn, Stuart, Eskridge & Jones, Abingdon, Va., argued (Robert P. Davis, Sol. of Labor, Donald S. Shire, Associate Sol. for Black Lung Benefits, Michael J. Denney, Counsel for Appellate Litigation, Office of the Sol., U.S. Dept. of Labor, Washington, D.C., on the brief), for respondents.

Before WIDENER and SPROUSE, Circuit Judges, and SMITH, United States District Judge for the Eastern District of Virginia, sitting by designation.

WIDENER, Circuit Judge:

Clarence Hobbs petitions for review of the Benefits Review Board's decision which affirms an Administrative Law Judge's (ALJ's) decision denying him black lung benefits under the Federal Coal Mine Health and Safety Act of 1969. We find that the ALJ failed to consider properly the effect of Hobbs' pneumoconiosis on his total disability, and vacate and remand for further consideration of Hobbs' claim. It is the decision of the Board, of course, that we review, not the ALJ, but the Board affirmed the ALJ's findings which we mention.

Clarence Hobbs worked for Clinchfield Coal Company as a miner for 36 years. He originally filed his claim for black lung benefits on September 23, 1982. The ALJ found that Hobbs has both clinical and legal pneumoconiosis.[1] He further found that Hobbs was totally disabled, but then denied Hobbs benefits, finding that Hobbs' total disability was not "due to" his pneumoconiosis as required by 20 C.F.R. § 718.204(a) and 30 U.S.C. § 901(a). Hobbs petitions for review.

The ALJ found that Hobbs suffers from clinical pneumoconiosis. He also found that Hobbs' pneumoconiosis arose out of coal mine employment by finding that Hobbs has legal pneumoconiosis. 20 C.F.R. § 718.201. Indeed, the Director, with commendable candor, points out that any other conclusion is "simply inconsistent." Additionally, the ALJ found that Hobbs was totally disabled. The critical flaw in the ALJ's opinion, however, is that it is unclear whether the ALJ found that Hobbs was totally disabled by his pulmonary impairment, or totally disabled by a separate and distinct non-pulmonary impairment, or that Hobbs was totally disabled from a combination of a pulmonary impairment and another source of disability, or totally disabled from a pulmonary impairment as well as from another source of total disability.[2] Additionally, it is not clear to what extent Hobbs' pneumoconiosis impacted on his overall pulmonary impairment. On remand, the ALJ should make explicit findings as to the nature of Hobbs' disability and to the impact of Hobbs' pneumoconiosis on his disability.

An underlying difficulty with the ALJ's opinion is that it is not clear what standard was used in determining whether Hobbs' disability was "due to" pneumoconiosis under § 718.204(a). Apparently, the ALJ

---

1. Clinical pneumoconiosis refers to the lung disease caused by fibrotic reaction of the lung tissue to inhaled dust, which is generally visible on chest x-ray films as opacities. *Usery v. Turner–Elkhorn Mining Co.,* 428 U.S. 1, 7, 96 S.Ct. 2882, 2888–89, 49 L.Ed.2d 752 (1976). Legal pneumoconiosis refers to all lung diseases which meet the statutory or regulatory definition of being any lung disease which is significantly related to, or substantially aggravated by, dust exposure in coal mine employment. 20 C.F.R. § 718.201. We further note that since neither party has sought review of the ALJ's findings that Hobbs has both clinical and legal pneumoconiosis, such findings should not be disturbed on remand. The same should be said of the finding that Hobbs is totally disabled, that is not contested and should not be relitigated on remand.

2. If the ALJ finds a total pulmonary disability the law is that:

> unrelated disabilities, no matter how severe, would not constitute "contrary probative evidence" tending to negate a concurrent finding of total *pulmonary* disability. And once a total pulmonary disability is established, such unrelated disabilities obviously are irrelevant to the *causation* of the pulmonary disability. So long as total pulmonary disability is properly established, a claimant is not disqualified simply because he also suffers from other debilitating or disabling conditions.

*Lollar v. Alabama By–Products Corp.,* 893 F.2d 1258, 1267 n. 16 (11th Cir.1990) (emphasis in original).

used "due to" to mean "exclusively due to." We have, however, since the argument of this case, in *Robinson v. Pickands Mather & Co.*, 914 F.2d 35 (4th Cir.1990), held that "due to" in the statute and regulation means "a contributing cause." 914 F.2d at 38. On remand, the ALJ should apply that standard in determining whether Hobbs' acknowledged total disability was "due to" his pneumoconiosis.

The order denying benefits is vacated and the case remanded to the Board for further remand to an ALJ for action not inconsistent with this opinion.

VACATED IN PART AND REMANDED.