928 F.2d 399
Unpublished Disposition
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Junior STREET, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR; Jewell Smokeless Coal
Corporation, Respondents.
 No. 90-1867.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 21, 1991.
Decided March 14, 1991.
 
 On Petition for Review of an Order of the Benefits Review Board.
 Junior Street, petitioner pro se.
 Michael John Denney, Rita A. Roppolo, United States Department of Labor, Washington, D.C.; Ronald Eugene Gilbertson, Kilcullen, Wilson & Kilcullen, Washington, D.C., for respondents.
 Ben.Rev.Bd.
 VACATED AND REMANDED
 Before PHILLIPS, MURNAGHAN and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Junior Street filed for black lung benefits pursuant to Title IV of the Federal Coal Mine Health and Safety Act of 1969, as amended, 30 U.S.C. Secs. 901 et seq. The administrative law judge (hereinafter ALJ), found that although Street suffered from pneumoconiosis as a result of his coal mine employment, he was not totally disabled due to the disease. Pursuant to 20 C.F.R. Sec. 718.204(a), (c)(5), the ALJ denied Street benefits. The Benefits Review Board (hereinafter BRB), affirmed the ALJ's decision. Street appeals. We vacate and remand the BRB's decision and order.
 
 
 2
 In arriving at the determination of pulmonary disability, the ALJ made several errors in analyzing and weighing the available medical opinions and evidence. Although it is within the ALJ's discretion to weigh the medical evidence, he cannot selectively analyze this evidence. Peabody Coal Co. v. Lowis, 708 F.2d 266, 276 (7th Cir.1983); Brewster v. Director, OWCP, 7 BLR 1-120, 1-123 (1984) (remanded so ALJ could reweigh medical evidence where ALJ stated physician's opinion did not state basis for causation findings when it in fact did). Such selectivity is evident in this instance. To determine that Street suffered from pneumoconiosis, the ALJ, properly exercising his discretion, accepted some physicians' opinions and rejected others that he found to be contradicted by the weight of the medical opinions and evidence. However, at the next phase of determination, the disability phase, the ALJ credited the opinion of Dr. Endres-Bercher that he had previously rejected. Because Dr. Endres-Bercher's conclusion that Street was not totally disabled due to pneumoconiosis was based on his (rejected) finding of no pneumoconiosis or other respiratory disability, it does not logically follow that his opinion was "fully supported ... fully explained ... and well-reasoned," as the ALJ found. Such a turn-about indicates selective, and hence impermissible, analysis.
 
 
 3
 The ALJ also erred in discounting Dr. Modi's opinion and conclusion of pulmonary disability on the ground that it was unsupported by the evidence. This rejection is not supported by a careful reading of the evidence. Not only does Dr. Modi state that Street is suffering from interstitial pulmonary fibrosis as a result of his coal mine employment, he states that Street is totally disabled from coal mine work and he specifically identifies what coal mine employment activities Street is incapable of performing. Since this opinion and conclusion of pulmonary disability were supported by the evidence, the ALJ cannot dismiss it as conclusory. Brewster, 7 BLR 1-120, 1-123.
 
 
 4
 Finally, the ALJ erred in rejecting Dr. Baxter's conclusion of total disability because his report was "too equivocal to establish that the miner's pneumoconiosis is, in and of itself, disabling." (Emphasis in the original.) Since Street need not prove that his pneumoconiosis was the sole cause of his disability, Robinson v. Pickands Mather & Co./Leslie Coal Co., 914 F.2d 35 (4th Cir.1990), it was improper to reject Dr. Baxter's report for this reason.
 
 
 5
 We also note that the ALJ did not apply the proper standard in considering whether Street is totally disabled due to pneumoconiosis, as is evident in his treatment of Dr. Baxter's report. It is undisputed that Street is totally disabled and the ALJ's conclusion that he suffers from pneumoconiosis is unchallenged. Therefore, under Robinson v. Pickands Mather & Co./Leslie Coal Co., supra, the proper test for assessing total disability is whether Street's pneumoconiosis was a contributing cause of his disability, not whether it was, in and of itself, totally disabling. "If his mining has contributed to his disability, then benefits are appropriate." Id. at 38. Of course, Street carries the burden of proving this by a preponderance of the evidence. Id.
 
 
 6
 Accordingly, we vacate the decision below and remand this case for further proceedings consistent with this opinion. We dispense with oral argument because the facts and legal issues are adequately presented in the materials before the Court and argument would not significantly aid the decisional process.
 
 VACATED AND REMANDED