929 F.2d 691
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Gay BOSTIC, Petitioner,
v.
ISLAND CREEK COAL COMPANY; Director, Office of Workers'
Compensation Programs, United States Department of
Labor, Respondents.
 No. 90-1098.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 12, 1991.
Decided March 21, 1991.
 
 On Petition for Review of an Order of the Benefits Review Board.
 Vernon Mandel Williams, Wolfe & Farmer, Norton, Va., for petitioner.
 Douglas A. Smoot, Jackson & Kelly, Charleston, W.Va., for respondents.
 Ben.Rev.Bd.
 AFFIRMED.
 Before PHILLIPS, CHAPMAN and NIEMEYER, Circuit Judges.
 PER CURIAM:
 
 
 1
 Gay Bostic petitions for review of a decision of the Benefits Review Board ("Board") affirming an administrative law judge's ("ALJ") denial of benefits under the Black Lung Benefits Act, 30 U.S.C. Secs. 901 et seq. We affirm.
 
 
 2
 The ALJ initially awarded benefits to claimant but, on reconsideration, determined that the evidence of record failed to establish a totally disabling respiratory or pulmonary impairment. The ALJ's initial finding of disability was based solely on the blood gas studies. The conclusions drawn from these studies, however, were predicated upon the mistaken belief that the only qualifying study of record was also the most recent study, and thereby entitled claimant to the "benefit of the doubt" that his impairment was disabling.
 
 
 3
 In fact, three of the four blood gas studies of record, including one dated nearly eleven months after the lone qualifying study, produced nonqualifying values. Based on this evidence, the seven unanimously nonqualifying ventilatory studies, and the opinions of three physicians who believed that claimant retained the capacity to perform his usual coal mine work,* the ALJ found that claimant failed to establish total disability. The Board affirmed and this appeal followed.
 
 
 4
 Initially, we disagree with claimant's contention that the ALJ's finding of no disability was influenced by his mistaken belief that the law required claimant to show that his pneumoconiosis was "itself" totally disabling. The applicable regulations provide that the establishment of a totally disabling respiratory impairment by means of objective evidence or medical reports "shall not, by itself, be sufficient to establish that the miner's impairment is or was due to pneumoconiosis." See 20 C.F.R. Sec. 718.204(c)(5). In this case, the ALJ did not address whether claimant's impairment was "due to" pneumoconiosis because claimant did not establish a totally disabling respiratory or pulmonary impairment. This analysis was consistent with recent decisions of this court and the Board. See Hobbs v. Clinchfield Coal Co., 917 F.2d 790 (4th Cir.1990); Robinson v. Pickands Mather & Co., 914 F.2d 35 (4th Cir.1990); Scott v. Mason Coal Co., 14 BLR 1-37 (1990).
 
 
 5
 We also find no merit to claimant's challenges to the manner in which the ALJ weighed the pertinent medical reports. Contrary to claimant's assertion, the record discloses that Dr. Abernathy examined claimant and that the ALJ properly characterized Dr. Abernathy's findings. Further, the ALJ committed no error in according substantial weight to the corroborating opinions of Drs. Fino and Kress, despite their status as non-examining physicians, see Bethlehem Mines Corp. v. Massey, 736 F.2d 120 (4th Cir.1984), and acted properly by ultimately finding the cumulative weight of these three reports to be greater than the weight of the conflicting opinion of Dr. Modi.
 
 
 6
 Finally, we decline to address claimant's contention that the ALJ failed to address the lay testimony of record, since this argument was not pursued before the Board and therefore may not be raised before this court. See South Carolina v. United States Dep't of Labor, 795 F.2d 375, 378 (4th Cir.1986); see generally Thetford Properties v. Department of Housing and Urban Dev., 907 F.2d 445 (4th Cir.1990).
 
 
 7
 Accordingly, the decision of the Board is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 Drs. Fino, Kress, and Abernathy opined that claimant could perform his usual coal mine work. Their opinions were contradicted only by Dr. Modi's finding that claimant was totally disabled