946 F.2d 889
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Robert L. WRIGHT, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR, Ranger Fuel Company,
Respondents.
 No. 90-1878.
 United States Court of Appeals, Fourth Circuit.
 Argued June 7, 1991.
Decided Oct. 23, 1991.
 
 On Petition for Review of an Order of the Benefits Review Board. (88-1537-BLA)
 Argued: John Paggett Anderson, Princeton, W.Va., for petitioner; C. William Mangum, Office of the Solicitor, United States Department of Labor, Washington, D.C., for respondent Director; Douglas A. Smoot, Jackson & Kelly, Charleston, W.Va., for respondent Ranger Fuel.
 On Brief: Robert P. Davis, Solicitor of Labor, Donald S. Shire, Associate Solicitor, Barbara J. Johnson, Counsel for Appellate Litigation, Office of the Solicitor, United States Department of Labor, Washington, D.C., for respondent Director.
 Ben.Rev.Bd.
 VACATED AND REMANDED.
 Before WILKINS and NIEMEYER, Circuit Judges, and JOSEPH F. ANDERSON, Jr., United States District Judge for the District of South Carolina, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Robert L. Wright petitions for review of a decision by the Department of Labor Benefits Review Board (BRB), which affirmed an Administrative Law Judge's (ALJ) decision to deny Wright's claim for benefits under the Black Lung Benefits Act of 1972, 30 U.S.C. § 901 et seq. (1988). Because the ALJ erred in weighing the medical evidence and did not apply the correct legal standard for causation, we vacate the decision of the BRB and remand for further consideration of Wright's claim.
 
 
 2
 Wright was born in 1923 and went to work as a coal miner in 1952. For a number of years he hauled coal for various companies, including the respondent Ranger Fuel Company for whom he worked from July 1971 through December 1978. In May 1980 he applied for benefits under the Black Lung Benefits Act, claiming that he was disabled due to shortness of breath. The Office of Workers' Compensation Programs found that he was entitled to benefits. When Ranger Fuel contested the findings, the case was referred to an ALJ for adjudication.
 
 
 3
 The ALJ found that Wright had ten years of coal mine employment and that he had pneumoconiosis. These two findings entitled Wright to invoke the presumption that the pneumoconiosis arose from his coal mine employment. 20 C.F.R. § 718.203(b) (1991). The ALJ also found that Wright was totally disabled due to respiratory problems, but that his disability was not due to pneumoconiosis. The failure to prove a causative link between the pneumoconiosis and the total disability was fatal to Wright's claim. See 30 U.S.C. § 901(a) (1988); 20 C.F.R. § 718.204(a) (1991). Accordingly, the ALJ denied Wright's claim for benefits, and the BRB affirmed.
 
 
 4
 After the ALJ rendered his decision in this case, we held in Robinson v. Pickands Mather & Co./Leslie Coal Co., 914 F.2d 35 (4th Cir.1990), that "[t]o be entitled to benefits, a claimant must prove by a preponderance of the evidence that his pneumoconiosis was at least a contributing cause of his totally disabling respiratory impairment." 914 F.2d at 38 (emphasis added). The pneumoconiosis does not have to be the sole cause, or even a "substantial" or "significant" cause to demonstrate that the total disability was "due" to pneumoconiosis. Id.
 
 
 5
 It is not apparent what standard of causation the ALJ applied in this case. He did not discuss the extent to which Wright's pneumoconiosis may have contributed to his total disability. Because the ALJ did not apply the "contributing cause" standard, an order of remand is appropriate.
 
 
 6
 We also note that the ALJ treated the medical evidence in a somewhat contradictory and unexplained fashion, which forms an additional ground for remand.
 
 
 7
 In making his findings, the ALJ relied on the opinion of Dr. George L. Zaldivar, who conducted pulmonary function studies, a chest x-ray, and a physical examination of Wright in December 1987. Dr. Zaldivar concluded that Wright was totally disabled due to emphysema, which was caused by Wright's long history of heavy cigarette smoking, but he also concluded that Wright did not have pneumoconiosis. Dr. Zaldivar's opinion was buttressed by the opinion of Dr. Gregory J. Fino, who did not perform an examination of Wright. Rather, Dr. Fino reviewed Wright's medical records and the report of Dr. Zaldivar and concluded that there was "insufficient objective medical evidence to justify a diagnosis of simple coal workers' pneumoconiosis[, although] from a respiratory standpoint the claimant was totally disabled." A. 132.
 
 
 8
 In relying on the opinion of Dr. Zaldivar, the ALJ found it to be "well-reasoned, supported by the objective evidence, and confirmed by the opinion of Dr. Fino." A. 141. However, the ALJ did not completely accept Dr. Zaldivar's opinion. Although Dr. Zaldivar concluded that Wright did not have pneumoconiosis, the ALJ found that Wright did have pneumoconiosis. The ALJ provided no explanation as to why, on the one hand, he rejected a key part of Dr. Zaldivar's opinion, while on the other, he found the opinion to be "wellreasoned" and "supported by the objective evidence."
 
 
 9
 Moreover, the ALJ did not credit the conclusion of Dr. Vinod Modi, who examined Wright in January 1988. Dr. Modi conducted pulmonary function studies, a chest x-ray, and an arterial blood gas study, and concluded that Wright had pneumoconiosis and was totally disabled as the result of pneumoconiosis. In acknowledging the opinion, the ALJ stated simply that Dr. Modi's "qualifications are unknown." A. 141. The ALJ also mentioned that Dr. Modi had noted fifteen years of coal mine employment rather than the "total creditable time" of ten years. Id. No other reasons were provided to explain why he rejected Dr. Modi's conclusion that Wright's total disability was the result of his pneumoconiosis.
 
 
 10
 In summary, because the ALJ did not apply the "contributing cause" standard and accepted without explanation some portions, but not others, of conflicting medical opinions, we vacate the decision of the BRB and remand for further consideration of Wright's claim. Because the "contributing cause" standard was not the applicable law of this circuit at the time the ALJ held the hearing and rendered his decision in this case, it is appropriate that the record be opened for the submission of additional evidence on the issues of whether Wright had pneumoconiosis and whether it was a contributing cause of his total disability. The ALJ's findings that Wright had ten years of coal mine employment and was totally disabled have not been challenged on appeal, and consequently, they should not be disturbed on remand. See Hobbs v. Clinchfield Coal Co., 917 F.2d 790, 791 n. 1 (4th Cir.1990).
 
 
 11
 VACATED AND REMANDED WITH INSTRUCTIONS.