991 F.2d 787
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Clarence CRAIGO, Petitioner,
v.
CEDAR COAL COMPANY; Director, Office of Workers'
Compensation Programs, United States Department of
Labor, Respondents.
 No. 92-1311.
 United States Court of Appeals,
Fourth Circuit.
 Argued: March 4, 1993
Decided: April 8, 1993
 
 On Petition for Review of an Order of the Benefits Review Board. (91-1446-BLA)
 Argued: Thomas Patrick Maroney, Thomas P. Maroney, L.C., Charleston, West Virginia, for Petitioner.
 David Steven Russo, Robinson & McElwee, Charleston, West Virginia, for Respondent.
 Ben. Rev. Bd.
 AFFIRMED.
 Before WIDENER and LUTTIG, Circuit Judges, and MACKENZIE, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 Clarence Craigo ("Craigo") appeals from an order of the Benefits Review Board ("Board") affirming the administrative law judge's ("ALJ") denial of his application for black lung benefits. Finding no error, we affirm.
 
 
 2
 Most of the relevant facts were uncontested at the hearing. Cedar Coal Company ("Cedar") conceded that Craigo worked as a coal miner for at least nineteen years, that Cedar was the properly designated responsible operator under 20 C.F.R. § 725, that Craigo had pneumoconiosis, and that he was totally disabled. However, Cedar contended that smoking related emphysema, rather than pneumoconiosis, caused Craigo's total disability.
 
 
 3
 The ALJ noted a factual dispute over Craigo's smoking history. Craigo testified that he had started smoking in 1979 at the age of forty-five and that he smoked one-half a pack of cigarettes per day. Doctor George L. Zaldivar ("Zaldivar") and another doctor, Martin Fritzhand ("Fritzhand"), basing their reports on Craigo's representations to them, corroborated this testimony. Craigo's testimony was also consistent with statements Craigo made at a 1983 hearing after which he was denied benefits. Other evidence, however, contradicted Craigo's account of his smoking history. Doctor Dominic Gaziano ("Gaziano"), in his report dated February 26, 1987, indicated that Craigo then disclosed a smoking history of one pack of cigarettes per day for over thirty-one years. The ALJ found Gaziano's report more credible with respect to the smoking history and concluded that Craigo had been smoking for at least thirty years. Joint Appendix ("J.A.") at 4.
 
 
 4
 The other factual dispute in this case was whether Craigo's disability resulted from emphysema arising from his smoking or pneumoconiosis. Doctor Mohammed I. Ranavaya ("Ranavaya"), who examined Craigo on August 18, 1990, found that Craigo's condition was the result of several factors, including his pneumoconiosis. Doctors Zaldivar and John A. Bellotte ("Bellotte"), however, contradicted this testimony, testifying that Craigo's condition was caused entirely by emphysema related to smoking rather than pneumoconiosis. The opinion shared by Zaldivar and Bellotte stems from credible evidence that in 1980, three years after his last exposure to coal dust, Craigo had no airway obstruction. J.A. at 40-45, 92, 96-98. Although black lung experts commonly refer to black lung as a "progressive disease," that term refers to the accepted finding that once airway obstruction is present, it becomes more serious and persistent. There was medical testimony in this record that in cases like this one, where no blockage whatsoever existed for three years after the last exposure to coal dust, it is highly unlikely that pneumoconiosis caused any subsequent blockage. That fact supported the unequivocal conclusions of both Bellotte and Zaldivar that the blockage was caused by Craigo's smoking rather than pneumoconiosis.
 
 
 5
 The ALJ found that Bellotte and Zaldivar, both board certified physicians, were more credible than Ranavaya, who had no such qualifications. The ALJ also found that Ranavaya, in issuing his opinion, had assumed only a seven year smoking history, which the ALJ rejected as a finding of fact. Consequently, the ALJ concluded that Craigo's smoking was the cause of his disability and denied his claim. J.A. at 5. The Board affirmed, J.A. at 7-9, and this appeal ensued.
 
 
 6
 "On appeal from a decision of the Board, the Court reviews only for errors of law, including whether the Board has used the proper standard for review in considering the hearing officer's decision." Amigo Smokeless Coal Co. v. Director, Office of Worker's Compensation Programs, 642 F.2d 68, 69 (4th Cir. 1981). In reviewing the hearing officer's decision, the Board may not disturb his factual findings if they are "supported by substantial evidence in the record considered as a whole." 33 U.S.C. § 921(b)(3).
 
 
 7
 To prevail on a claim under the Black Lung Benefits Act, a claimant must prove by a preponderance of the evidence that he is "totally disabled due to pneumoconiosis." 30 U.S.C. § 901(a); 20 C.F.R. § 718.204(a). To prove that pneumoconiosis caused the disability, the claimant must show that pneumoconiosis was at least a contributing factor to a totally disabling respiratory impairment. Hobbs v. Clinchfield Coal Co., 917 F.2d 790, 792 (4th Cir. 1990); Robinson v. Picklands, Mather & Co., 914 F.2d 35, 38 (4th Cir. 1990).
 
 
 8
 There is considerable evidence in the record supporting the ALJ's conclusion that Craigo's disability was caused entirely by smoking related emphysema rather than pneumoconiosis. Both Zaldivar and Bellotte, whom the ALJ found credible, testified that pneumoconiosis had nothing to do with Craigo's disability. Furthermore, Zaldivar and Bellotte both offered smoking related emphysema as a plausible alternative cause of Craigo's airway obstruction. The ALJ's factual findings on Craigo's smoking history support their explanation for the airway obstruction. The Board applied the proper standard of review to the ALJ's order and its decision is therefore
 
 
 9
 AFFIRMED.
 
 WIDENER, Circuit Judge, dissenting:
 
 10
 I respectfully dissent because I do not believe that substantial evidence supports the decision of the ALJ which was affirmed by the Board.