7 F.3d 226
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Eugene STOWERS, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR, Respondent.
 No. 93-1330.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: August 20, 1993.
Decided: September 20, 1993.
 
 On Petition for Review of an Order of the Benefits Review Board. (90-1555-BLA)
 Matthew A. Victor, Charleston, West Virginia, for Petitioner.
 Thomas A. Williamson, Jr., Solicitor of Labor, Donald S. Shire, Associate Solicitor, Patricia M. Nece, Counsel for Appellate Litigation,
 Anne Swiatek, UNITED STATES DEPARTMENT OF LABOR, Washington, D.C., for Respondent.
 Ben.Rev.Bd.
 VACATED AND REMANDED.
 Before HALL and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 Eugene Stowers appeals from a decision of the Benefits Review Board (Board) affirming the administrative law judge's (ALJ) decision denying his application for black lung benefits. In our prior decision in this case, we affirmed the ALJ's findings regarding length of coal mine employment, and his determinations that the medical evidence established the presence of pneumoconiosis but not the presence of total disability. We remanded, however, for consideration of whether the miner established that his pneumoconiosis arose out of coal mine employment.
 
 
 2
 We found that if the miner could establish this causal connection, he could invoke the presumption of entitlement under 20 C.F.R. § 410.490(b) (1991). On remand, the ALJ found the evidence insufficient to establish causation and the Board affirmed. On appeal, however, the Director, Office of Workers' Compensation Programs (Director) now concedes that the miner's coal mine employment contributed to his pneumoconiosis, thereby entitling Stowers to the benefit of the presumption. We accept the Director's concession.
 
 
 3
 Invocation of the presumption shifts the burden to the Director to establish rebuttal pursuant to 20 C.F.R. § 727.203(b) (1991). See Pauley v. BethEnergy Mines, Inc., 59 U.S.L.W. 4778 (U.S. 1991). Since the ALJ has not yet had occasion to examine the issue of rebuttal, we vacate the Board's decision and remand for consideration of rebuttal by the ALJ. See Hobbs v. Clinchfield Coal Co., 917 F.2d 790 (4th Cir. 1990). We note, however, that the Director further concedes on appeal that the evidence is insufficient to establish rebuttal pursuant to subsections (b)(1), (2), or (4). The ALJ's consideration of rebuttal should therefore be limited to whether the Director can establish rebuttal pursuant to subsection (b)(3).
 
 
 4
 We dispense with oral argument since the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 VACATED AND REMANDED WITH INSTRUCTIONS