16 F.3d 409
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Lena C. DILLON, Widow of Virgil Dillon, Petitioner,
v.
NEW RIVER COAL COMPANY; West Virginia Coal Workers'
Pneumoconiosis Fund; Director, Office of Workers'
Compensation Programs, United States
Department of Labor, Respondents.
 No. 92-1144.
 United States Court of Appeals, Fourth Circuit.
 Sept. 29, 1993.
Feb. 10, 1994.
 
 On Petition for Review of an Order of the Benefits Review Board. (89-3026-BLA)
 John Hastings Shumate, Jr., Mount Hope, WV, for Petitioner.
 
 
 1
 Christian P. Barber, Office of the Solicitor, U.S. Dept. of Labor, Washington, D.C., for Respondent Director.
 
 
 2
 Leah Quentin Griffin, Asst. Atty. Gen., Charleston, WV, for Respondent Pneumoconiosis Fund.
 
 
 3
 Thomas S. Williamson, Jr., Solicitor of Labor, Donald S. Shire, Associate Solicitor for Black Lung Benefits, Patricia M. Nece, Counsel for Appellate Litigation, Office of the Solicitor, U.S. Dept. of Labor, Washington, D.C., for Respondent Director; Darrell V. McGraw, Jr., Atty. Gen. of West Virginia, Charleston, WV, for Respondent Pneumoconiosis Fund.
 
 
 4
 Ben.Rev.Bd.
 
 
 5
 Affirmed.
 
 
 6
 Before RUSSELL and NIEMEYER, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 
 OPINION
 PER CURIAM:
 
 7
 Lena C. Dillon, widow of Virgil Dillon, appeals from a decision of the Benefits Review Board affirming an Administrative Law Judge's (ALJ) denial of black lung benefits, pursuant to 30 U.S.C. Sec. 921(c)(5). We affirm.
 
 
 8
 Virgil Dillon was a coal miner for thirty-two years between 1940 and 1974. Mr. and Mrs. Dillon were married from 1938 until his death in 1974. In April 1973, Virgil Dillon filed an application for black lung benefits with the Social Security Administration, which denied his claim in January 1974. He died in October 1974, and Lena Dillon, his widow, filed a claim for survivor's benefits with the Department of Labor.
 
 
 9
 After a formal hearing, an ALJ denied her claim. The ALJ found that the decedent had not suffered from pneumoconiosis, and even if he had, the disease had not partially or totally disabled him. The Benefits Review Board (the "Board") upheld the ALJ's decision that Virgil did not have pneumoconiosis but did not reach the ALJ'S alternative finding on disability causation. The widow appeals and the Director of the Office of Workers' Compensation Programs (the "Director") has filed a brief arguing that benefits were wrongfully denied.
 
 
 10
 Lena Dillon claims benefits under a rebuttable presumption known as "the widow's presumption." This presumption is that if a coal miner died before March 1978 and was employed in coal mining for twenty-five years or more (before July 1971), his survivors are presumed eligible for benefits unless the miner, at the time of death, was not partially or totally disabled due to pneumoconiosis. 30 U.S.C. Sec. 921(c)(5) (1988), 20 C.F.R. Sec. 727.204 (1993).
 
 
 11
 After the survivor establishes the employment period and the date of death, the burden of proof is on the employer or the Director to establish that there was no compensable disability. Begley v. Consolidation Coal Co., 826 F.2d 1512, 1513-14 (6th Cir.1987); Arch Mineral Corp. v. Director, Office of Workers' Compensation Programs, 798 F.2d 215, 220 (7th Cir.1986). The presumption can be rebutted in three ways, by showing that: (1) the miner did not have pneumoconiosis, or (2) the miner was not partially or totally disabled when he died, or (3) the miner's disability at death was not due to pneumoconiosis. Begley, 826 F.2d at 1515; Arch Mineral, 798 F.2d at 220; 20 C.F.R. Sec. 727.204(c). Here, the Board, in affirming the ALJ, relied on evidence that the deceased did not have pneumoconiosis.
 
 
 12
 This Court reviews decisions by the Board to determine if the ALJ's decision is rational and supported by substantial evidence in the record. O'Keeffe v. Smith, Hinchman & Grylls Assocs. Inc., 380 U.S. 359, 363 (1965). See Wilson v. Benefits Review Bd., 748 F.2d 198, 199-200 (4th Cir.1984).
 
 
 13
 The ALJ relied on the autopsy report and negative x-ray readings. There were several x-rays in the record, and they were all negative for pneumoconiosis.
 
 
 14
 The autopsy report stated that Dillon died of prostate cancer and listed numerous other diagnoses, but not pneumoconiosis. The autopsy, conducted by Dr. Weisberger on October 7, 1974, led to an initial report which considered only the gross organ findings. A note on the bottom of the last page stated that microscopic studies were still in progress. Drs. Weisberger and Eggleston later appended a typewritten note to the autopsy report. That three-paragraph note briefly mentioned microscopic studies and provided cell information about the tumor of the prostate and the area surrounding the tumor. The lung slides were mentioned only in the accompanying index of a dozen autopsy slides.
 
 
 15
 Dr. M. Jamil Ahmed reviewed the lung slides in May 1982 and found evidence of simple coal workers' pneumoconiosis, microscopic emphysema, and some evidence of simple anthracosis in the lymph nodes, as well as cancer. Dr. Ahmed opined that the pneumoconiosis did "not appear severe enough to be a major factor" in Virgil's death.
 
 
 16
 Dr. Bruce Douglas reviewed the autopsy lung slides in October 1980 and reported no evidence of pneumoconiosis, but did cite evidence of moderate anthracosis and mild emphysema. The ALJ accorded "little weight" to Douglas's report because he found it contradictory. Federal regulations do consider anthracosis a form of pneumoconiosis. 20 C.F.R. Secs. 718.201, 727.202; Daugherty v. Dean Jones Coal Co., 895 F.2d 130, 132 (4th Cir.1989). See Robinson v. Pickands Mather & Co./Leslie Coal Co., 914 F.2d 35, 39 (4th Cir.1990). However, we do not consider this a critical error since the ALJ gave Dr. Douglas' report some weight.
 
 
 17
 The autopsy report, while not conclusive, is persuasive evidence and that, together with the x-ray evidence, comprises substantial evidence to support the ALJ's decision. The decision of the Benefits Review Board is, therefore, affirmed.*
 
 AFFIRMED
 
 
 *
 The motion of the West Virginia Coal Workers' Pneumoconiosis Fund to substitute the name of the respondent coal company is denied