**JEWELL SMOKELESS COAL CORPORATION,**
Petitioner,

v.

**Junior STREET; Director, Office of Workers' Compensation Programs, United States Department of Labor, Respondents.**

No. 93–2187.

United States Court of Appeals,
Fourth Circuit.

Argued April 13, 1994.

Decided Dec. 22, 1994.

242

**ARGUED:** Ronald Eugene Gilbertson, Kilcullen, Wilson & Kilcullen, Chartered, Washington, DC, for petitioner. Bobby S. Belcher, Jr., Wolfe & Farmer, Norton, VA, for respondent Street; Rita A. Roppolo, U.S. Dept. of Labor, Washington, DC, for respondent Director. **ON BRIEF:** Vernon M. Williams, Wolfe & Farmer, Norton, VA, for respondent Street; Thomas S. Williamson, Jr., Solicitor of Labor, Donald S. Shire, Associate Solicitor, Patricia M. Nece, Counsel for Appellate Litigation, U.S. Dept. of Labor, Washington, DC, for respondent Director.

Before MICHAEL, Circuit Judge, BUTZNER, Senior Circuit Judge, and DOUMAR, United States District Judge for the Eastern District of Virginia, sitting by designation.

Affirmed in part, vacated in part, and remanded by published opinion. Senior Judge BUTZNER wrote the opinion, in which Judge MICHAEL and Judge DOUMAR joined.

## OPINION

BUTZNER, Senior Circuit Judge:

The principal issue in this petition for review is whether a former miner is entitled to compensation under the Black Lung Benefits Act, 30 U.S.C. §§ 901–45, if he proves total disability caused by pneumoconiosis arising out of coal mining employment in combination with nonrespiratory and nonpulmonary impairments. Junior Street asserts that "a claimant can receive benefits based upon a combination of physical impairments as long as the claimant would not be disabled at the time of his application or during the pendency of his claim but for his occupational exposure to coal dust."

Street's employer, Jewell Smokeless Coal Corporation, and the Director, Office of Workers' Compensation Programs, take the position that a claimant "in establishing that he is totally disabled by pneumoconiosis, must first prove that he suffers from a respiratory or pulmonary impairment that is total-

ly disabling separate and apart from other non-respiratory conditions."

The second issue is whether the administrative law judge relied on substantial evidence in responding to the appropriate inquiry.

■ The standard for appellate review of the Board's order is to determine whether the findings of the ALJ, as affirmed by the Board, are supported by substantial evidence and in accordance with law. *Green v. Director, Office of Workers' Compensation Programs,* 790 F.2d 1118, 1119 (4th Cir.1986).

We reject Street's theory, but we are unable to determine what rationale the ALJ used to award benefits, and we cannot accept the Board's attempt to fill the hiatus in the ALJ's opinion. Consequently, we remand for further consideration of Street's claim.

## I

Street retired from his coal mining job at Jewell Smokeless at the age of 56 after working in the mines for over 37 years. An administrative law judge granted benefits to Street, and Jewell appealed. The Board acknowledged that the ALJ failed to specifically determine whether Street established total respiratory disability. Nevertheless, the Board determined that the medical evidence on which the ALJ relied supported, with the exception of one doctor's opinion, a finding of total respiratory disability. For this reason the Board affirmed the ALJ's award of benefits.

## II

■ A miner who is totally disabled due to pneumoconiosis may receive black lung benefits. 30 U.S.C. § 901(a); 20 C.F.R. § 718.204(a) (1993). A miner is totally disabled if pneumoconiosis prevents him from performing his usual coal mine work or other similar gainful employment. 20 C.F.R. § 718.204(b) (1993). To prove that a claimant is totally disabled by pneumoconiosis he must establish that he has a totally disabling respiratory or pulmonary condition, 20 C.F.R. § 718.204(c) (1993), and show that his pneumoconiosis is a contributing cause to this total disability. *Robinson v. Pickands*

*Mather & Co.,* 914 F.2d 35, 38 (4th Cir.1990); *Scott v. Mason Coal Co.,* 14 BLR 1–37, 1–41, 1–42 (BRB 1990).

■ We reject Street's argument that the miner need only establish that he has a total disability, which may be due to pneumoconiosis in combination with nonrespiratory and nonpulmonary impairments. In circuit precedent we have indicated that the miner must establish total disability solely from a respiratory or pulmonary impairment. In *Robinson,* we held that a miner may receive benefits if his pneumoconiosis contributed to the miner's "totally disabling respiratory impairment." 914 F.2d at 38 (emphasis added). In *Hobbs v. Clinchfield Coal Co.,* 917 F.2d 790 (4th Cir.1990), we stated that "[s]o long as total pulmonary disability is properly established," claimant's other disabling conditions are irrelevant. 917 F.2d at 791 n. 2 (citation omitted, emphasis added). In *Napier v. Director, Office of Workers' Compensation Programs,* 890 F.2d 669, 672 (4th Cir. 1989), we held that a medical opinion establishing a disability due to cardiovascular disease was insufficient to establish an entitlement to benefits. We determined that the ALJ properly concluded that the evidence "failed to indicate that Napier suffered from a totally disabling respiratory impairment." 890 F.2d at 672 (emphasis added). By concluding that nonrespiratory and nonpulmonary impairments have no bearing on establishing total disability due to pneumoconiosis, we agree with *Beatty v. Danri Corp. and Triangle Enters.,* 16 BLR 1–11, 1–15 (BRB 1991).

■ In this case, the Director has taken the position that the total disability described in § 718.204(c)(4) must be entirely respiratory in nature. The Director argues that a miner must first prove that he suffers from a respiratory impairment that is totally disabling, separate and apart from other non-respiratory conditions. In support of this interpretation, the Director points to the regulatory definition of pneumoconiosis as "a chronic dust disease of the lung and its sequelae, including ... any chronic pulmonary disease resulting in respiratory or pulmonary impairment." 20 C.F.R. § 718.201. The Director

also notes that the regulations in subsection 204(c) focus solely on the respiratory condition of the miner in providing four distinct methods for proving total disability. This subsection evidences no concern for the miner's physical condition as a whole. After proving a total respiratory disability, the Director agrees, as we have held, that a miner need only show that his coal mining related pneumoconiosis contributed to the total respiratory disability. Cf. *Robinson*, 914 F.2d at 38. The Director explains that the approaches to the causation issues in subsections 204(c)(4) and 204(b) are consistent with the Act's intent to compensate total occupational respiratory disability while also allowing recovery where mining exposure relates to the disabling condition.

■ The Director of the Office of Workers' Compensation Programs is the policymaker charged with administration of the Black Lung Benefits Act. Absent clear congressional intent as to the proper construction of the Act, we must give deference to the reasonable and permissible interpretations of the Director. *Director, Office of Workers' Compensation Programs v. Newport News Shipbuilding & Dry Dock Co.*, 8 F.3d 175, 179 (4th Cir.1993). The Act does not itself define the appropriate causation standards and the Director's respiratory-specific approach to subsection 204(c) is a reasonable interpretation.

The Sixth Circuit has also considered this issue and reached the same result. *Tussey v. Island Creek Coal Co.*, 982 F.2d 1036 (6th Cir.1993). The ALJ in Tussey determined that the miner, who had pneumoconiosis and was totally disabled, was not entitled to benefits because he did not establish that his disability was respiratory or pulmonary in origin. In particular, the ALJ noted that the most relevant medical opinion concerning the miner's disability did not indicate whether the total disability was due to respiratory or cardiac conditions. The only issue considered by the Sixth Circuit was whether the miner was totally disabled by reason of pulmonary or respiratory impairment. *Tussey*, 982 F.2d at 1041. In resolving this causation issue, the court discounted the evidence relating to cardiac impairment and awarded

benefits. *Tussey*, 982 F.2d at 1042–43. It held that "a claimant must prove that he has a totally disabling pulmonary or respiratory condition and that this is due (at least in part) to his pneumoconiosis." *Tussey*, 982 F.2d at 1040.

## III

■ Substantial evidence supports the ALJ's findings that Street suffers from pneumoconiosis arising out of coal mining employment and that he is totally disabled. Substantial evidence also supports the finding that he has heart disease and other nonrespiratory conditions. The difficulty with the ALJ's decision is that it does not explicitly state that Street is totally disabled because of respiratory or pulmonary impairments. Nor can such disability be conclusively inferred.

In reaching the conclusion that Street was entitled to benefits, the ALJ referred to 20 C.F.R. § 718.204(c)(4), which provides that in the absence of other evidence a properly substantiated physician's opinion may be accepted as evidence that a miner's respiratory or pulmonary condition prevents him from engaging in mining or other comparable employment. The ALJ relied on the opinion of four doctors who agreed that Street was disabled. Dr. E. Robinette, however, attributed his disability to a heart condition. He believed from a pulmonary point of view Street was employable. Dr. R. F. Baxter attributed Street's disability to pneumoconiosis and heart disease. Consequently, the opinions of these two doctors do not establish total disability resulting from respiratory or pulmonary impairments. In contrast, Dr. V. D. Modi and Dr. J. P. Sutherland reported pneumoconiosis and totally disabling respiratory or pulmonary impairments. Although the ALJ cited Scott, supra, which states the correct standards, his reliance on all four of these medical opinions makes it difficult to ascertain exactly what standard the ALJ used to determine total disability.

■ The Board noted the flaw in the ALJ's decision, but it affirmed the award of benefits. The Board found that by considering the medical opinions according to the

correct standard, there was sufficient evidence supporting a finding of total respiratory disability. It is not, however, within the province of the Board to reweigh the evidence in this manner. Rather, it is the ALJ as the finder of fact who should initially determine whether the evidence supports a finding of total respiratory or pulmonary disability to which pneumoconiosis is a contributing cause. See *Zbosnik v. Badger Coal Co.*, 759 F.2d 1187, 1189–90 (4th Cir.1985).

We affirm the findings that Street suffers from pneumoconiosis arising out of coal mining employment and that he is totally disabled. We vacate the Board's order awarding benefits and remand the case. On remand the ALJ should determine explicitly whether Street suffers from a respiratory or pulmonary impairment that is totally disabling and whether Street's pneumoconiosis contributes to this disability. If these inquiries are answered "yes," Street is entitled to benefits. If either is answered "no," he is not entitled.

AFFIRMED IN PART; VACATED IN PART; AND REMANDED.