65 F.3d 166
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
PEERLESS EAGLE COAL COMPANY, Petitioner,
v.
Darlene BROWN, Widow of Ray E. Brown; Director, Office of
Workers' Compensation Programs, United States
Department of Labor, Respondents.
 No. 94-1801.
 United States Court of Appeals, Fourth Circuit.
 Argued: July 11, 1995.
Decided: Sept. 5, 1995.
 
 On Petition for Review of an Order of the Benefits Review Board. (92-2377-BLA)
 ARGUED: John Payne Scherer, Sr., FILE, PAYNE, SCHERER & FILE, Beckley, WV, for Petitioner. S.F. Raymond Smith, RUNDLE & RUNDLE, L.C., Pineville, WV, for Respondent Brown; Christian P. Barber, Counsel for Appellate Litigation, UNITED STATES DEPARTMENT OF LABOR, Washington, DC, for Respondent Director. ON BRIEF: Kenneth J. Barnett, Summersville, WV, for Respondent Brown. Thomas S. Williamson, Jr., Solicitor of Labor, Donald S. Shire, Associate Solicitor, UNITED STATES DEPARTMENT OF LABOR, Washington, DC, for Respondent Director.
 Before HAMILTON, MICHAEL, and MOTZ, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Peerless Eagle Coal Company (Peerless Eagle) petitions for the review of a decision of the Benefits Review Board (Board) affirming an administrative law judge's decision to award black lung benefits to respondent Darlene Brown, widow of coal miner Ray E. Brown. Peerless Eagle challenges two rulings by the ALJ: (1) that Ray Brown was totally disabled due to pneumoconiosis and (2) that pneumoconiosis was a substantial contributing cause of his death. We affirm in part, vacate in part, and remand for further proceedings on one issue.
 
 
 2
 * Ray Brown worked as a coal miner for 39 1/2 years. He filed a claim for black lung benefits on October 10, 1984. He died while the claim was pending before the ALJ. His widow, Darlene Brown, filed a survivor's claim for benefits on June 4, 1987. The two claims were consolidated, and an ALJ issued a decision awarding benefits on July 13, 1992.
 
 
 3
 The ALJ received opinions from five doctors. Dr. Diaz, the only doctor to examine Brown before his death, found that Brown suffered from pneumoconiosis and was totally disabled. Several other doctors performed autopsies. They reached conflicting conclusions. Dr. Rasheed found that Brown had pneumoconiosis with right sided congestive heart failure and concluded that pneumoconiosis was a major contributing factor in Brown's death. Dr. Ladewig concluded that Brown did not suffer pneumoconiosis. Dr. Hansbarger initially concluded that Brown did not suffer pneumoconiosis, but he later opined that Brown suffered mild pneumoconiosis. Dr. Naeye agreed that Brown had mild pneumoconiosis, but this doctor thought that the pneumoconiosis probably played no role in Brown's death.
 
 
 4
 The ALJ decided that each of the elements required for an award of disability benefits were present: (1) pneumoconiosis, (2) total disability, and (3) causation. See Jewell Smokeless Coal Corp. v. Street, 42 F.3d 241, 243 (4th Cir.1994).
 
 
 5
 First, the ALJ found that Brown suffered pneumoconiosis. He found pneumoconiosis established by x-ray evidence. See 20 C.F.R. Sec. 718.202(a)(1) (1995). Because Drs. Rasheed, Hansbarger, and Naeye all agreed that Brown had the disease, the ALJ found pneumoconiosis established by autopsy evidence as well. See id. at (a)(2). Finally, the ALJ found that Dr. Diaz's opinion (based on an evaluation two years before Brown died) established pneumoconiosis. See id. at (a)(4).
 
 
 6
 The ALJ next found that Brown was totally disabled. He first found that pulmonary function studies established total disability. See 20 C.F.R. Sec. 718.204(c)(1). Of the two pulmonary studies performed on Brown, only the second demonstrated qualifying values. According greater weight to this more recent study, the ALJ found Brown totally disabled. The ALJ also found that the doctors' examinations established total disability. See id. at (c)(3). Of the various reports, the ALJ found those of Drs. Hansbarger and Rasheed most persuasive. The two doctors had conflicting opinions on the presence of cor pulmonale. The ALJ applied the "true doubt rule" to resolve the conflict in Brown's favor.
 
 
 7
 The ALJ concluded generally that Brown had "established total disability due to pneumoconiosis." The ALJ did not, however, set out the factual basis for this conclusion.
 
 
 8
 The ALJ also concluded that Brown's widow was entitled to death benefits. The ALJ found that pneumoconiosis was a substantially contributing cause of Brown's death. See 20 C.F.R. Sec. 718.205(c)(2). He again concluded that the conflicting opinions of Drs. Rasheed and Hansbarger were the most persuasive opinions. However, he found Dr. Rasheed's opinion more persuasive than Dr. Hansbarger's and therefore found that Brown's death was due to pneumoconiosis. The ALJ noted that even if Dr. Rasheed's opinion were not more persuasive, the true doubt rule would nonetheless resolve the evidentiary conflict in Brown's favor.
 
 
 9
 The Board affirmed the award of benefits by following the ALJ's reasoning. However, in response to Peerless Eagle's contention that the ALJ failed to determine that Brown's pneumoconiosis caused total disability, the Board reasoned that the ALJ's finding of cor pulmonale with right sided congestive heart failure was substantial evidence that pneumoconiosis was a contributing cause of Brown's total disability. Peerless Eagle petitions for review.
 
 II
 
 10
 We must affirm the factual findings of the ALJ if they are supported by substantial evidence in the record considered as a whole. Director, OWCP v. Consolidation Coal Co., 923 F.2d 38, 40-41 (4th Cir.1991). Subject to the substantial evidence requirement, the ALJ is entitled to make credibility determinations and resolve evidentiary inconsistencies. Grizzle v. Pickands Mather and Co., 994 F.2d 1093, 1096 (4th Cir.1993).
 
 
 11
 Peerless Eagle first challenges the ALJ's finding that Ray Brown suffered from pneumoconiosis. The ALJ found pneumoconiosis established by (1) x-ray reports, (2) autopsy reports, and (3) the opinion of Dr. Diaz. Peerless Eagle argues that the ALJ erred by attaching less weight to Dr. Ladewig's autopsy report than to the reports of other doctors. We disagree. First, ALJs, not appellate courts, weigh evidence. Grizzle, 994 F.2d at 1096; Zbosnick v. Badger Coal Co., 759 F.2d 1187, 1190 (4th Cir.1985). Second, after considering all relevant evidence, the ALJ found pneumoconiosis demonstrated independently by x-ray reports and Dr. Diaz's opinion. Thus, the ALJ's finding of pneumoconiosis is supported by substantial evidence, and we will not disturb it on appeal. Grizzle, 994 F.2d at 1096.
 
 
 12
 Peerless Eagle also contests the finding of total disability. Section 718.204(c) lists five alternative standards that establish total disability in the absence of "contrary probative evidence." The ALJ found total disability established under two of the five standards: (1) pulmonary function studies and (2) pneumoconiosis plus a finding of cor pulmonale with right sided congestive heart failure. Peerless Eagle first argues, correctly, that the ALJ erred in applying the true doubt rule in finding cor pulmonale. See Director, OWCP v. Greenwich Collieries, 114 S.Ct. 2251 (1994). However, the error was harmless because the finding of total disability is supported by substantial evidence. Pulmonary function studies independently established total disability. The absence of cor pulmonale does not constitute probative evidence contrary to the pulmonary function studies. Pulmonary function studies may reveal manifestations of pulmonary disease entirely distinct from cor pulmonale. See Tussey v. Island Creek Coal Co., 982 F.2d 1036, 1042 (6th Cir.1993) (pulmonary function evidence not necessarily offset by other medical opinion evidence and arterial blood gas tests). We also reject Peerless Eagle's contention that Brown's treatment records constituted contrary probative evidence showing that Brown was not totally disabled. Brown's treatment records frequently refer to serious respiratory difficulties.
 
 
 13
 Peerless Eagle next challenges the ALJ's conclusion with respect to causation. Peerless Eagle argues that the ALJ erred by failing to make an explicit finding that pneumoconiosis contributed, at least in part, to Brown's total disability. See Robinson v. Pickands Mather & Co./Leslie Coal Co., 914 F.2d 35, 37 (4th Cir.1990). The ALJ concluded generally that Brown had "established total disability due to pneumoconiosis." The Board affirmed the conclusion based on its determination that the ALJ's finding of cor pulmonale necessitated a finding that pneumoconiosis caused Brown's total disability. This rationale is unsound, however, since the ALJ erroneously relied upon the true doubt rule to find cor pulmonale.
 
 
 14
 The lack of specific factfinding to support the conclusion that pneumoconiosis contributed to Brown's total disability requires remand. See Grigg v. Director, OWCP, 28 F.3d 416, 419 (4th Cir.1994). Respondents argue that remand is unnecessary because the evidence in the record compels only one finding. See, e.g., Malcomb v. Island Creek Coal Co., 15 F.3d 364 (4th Cir.1994). Respondents insist that Dr. Diaz's report compels a finding of causation and that the record is devoid of evidence to refute this conclusion. Whatever the merit of that contention, we believe that making such a determination would require us to impermissibly invade the province of the ALJ as factfinder. See Grizzle, 994 F.2d at 1096. Accordingly, we remand to allow the ALJ to make a specific finding as to whether pneumoconiosis contributed to Brown's total disability.
 
 III
 
 15
 Peerless Eagle also challenges the ALJ's conclusion that pneumoconiosis substantially contributed to Brown's death. Peerless Eagle first argues that the ALJ erred in applying the true doubt rule to resolve the causation issue in favor of Brown. The ALJ, however, did not apply the true doubt rule to decide this issue. Rather, the ALJ found Dr. Rasheed's report, which linked pneumoconiosis to Brown's death, more persuasive than a contrary report by Dr. Hansbarger. The ALJ merely noted that even if Dr. Rasheed's report were not more persuasive, the true doubt rule would resolve the conflict in Brown's favor. Finally, we reject Peerless Eagle's argument that the ALJ erred by finding Dr. Rasheed's report more persuasive than the reports of Drs. Naeye and Hansbarger. The ALJ found that Dr. Rasheed's examination of heart and lung tissue was the most complete. He also found that Dr. Rasheed displayed honesty by her reluctance to comment on medical questions outside her area of expertise. Such determinations are within the province of the ALJ as factfinder. See Grizzle, 994 F.2d at 1099.*
 
 IV
 
 16
 Accordingly, we affirm all of the ALJ's determinations, except the conclusion of total disability due to pneumoconiosis which is vacated. We remand solely to permit the ALJ to make a specific finding as to whether pneumoconiosis contributed to Brown's disability.
 
 
 17
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.
 
 
 
 *
 At oral argument there was a question from the court about this case's procedural history. Ray Brown originally filed a claim for black lung benefits in 1973. The claim was denied in 1980. Brown filed a duplicate claim for benefits in 1984. Duplicate claims are proper only if the claimant shows a material change in condition. The Department of Labor deputy commissioner permitted the duplicate claim on the ground that Brown had established a material change in condition. The question at oral argument was whether the deputy commissioner applied the wrong standard in determining whether Brown had established a material change in condition. The proper standard was recently announced in Lisa Lee Mines v. Director, OWCP, 57 F.3d 402 (4th Cir.1995). This issue need not be addressed on remand, however, since Peerless only appealed the ALJ's ruling on the merits and did not challenge the deputy commissioner's decision to permit the duplicate claim