69 F.3d 532
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Kenneth ALLEN, Petitioner,
v.
Director, OFFICE OF WORKERS' COMPENSATION PROGRAMS, United
States Department of Labor; Paramont Coal
Company, Respondents.
 No. 95-1047.
 United States Court of Appeals, Fourth Circuit.
 Nov. 6, 1995.
 
 Kenneth Allen, Petitioner Pro Se. Rita A. Roppolo, Christian P. Barber, UNITED STATES DEPARTMENT OF LABOR, Washington, D.C.; Michael Francis Blair, PENN, STUART, ESKRIDGE & JONES, Abingdon, Virginia, for Respondents.
 Before HAMILTON, WILLIAMS, and MICHAEL, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Kenneth Allen, a former coal miner, seeks review of a Benefits Review Board (Board) decision affirming the administrative law judge's (ALJ) decision to deny his application for black lung benefits pursuant to 30 U.S.C.A. Sec. 901-45 (West 1986 & Supp.1995). Because we agree with Allen and the Director, Office of Workers' Compensation Programs (Director), that substantial evidence does not support the ALJ's finding that Allen failed to establish a totally disabling respiratory or pulmonary impairment pursuant to 20 C.F.R. Sec. 718.204(c) (1994), we will vacate the decision of the Board and remand for further consideration of the medical evidence.
 
 
 2
 Initially, we find that the ALJ erred by finding the pulmonary function study evidence insufficient to establish a prima facie case of disability under subsection (c)(1). The record contains studies performed in July and December of 1987, respectively, and an undisputedly invalid study performed in 1988. The July 1987 study, and the prebronchodilator portion of the December 1987 study, produced qualifying values under the regulations, while post-bronchodilator results from the December 1987 study were non-qualifying. Each study was reviewed for validity by consulting physicians, who offered mixed opinions.
 
 
 3
 The ALJ erred by failing to resolve whether the studies were valid. He further erred by failing to then weigh the valid studies against each other. Instead, he discussed only the pre and post-bronchodilator results from the December study and found the post-bronchodilator results more persuasive. The ALJ found that the progressive and irreversible nature of pneumoconiosis indicated that a bronchodilator should not have improved the miner's ventilatory capacity, and accorded greater weight to the post-bronchodilator results on this basis.
 
 
 4
 This analysis is flawed because it impermissibly injects the question of causation into an inquiry which should be exclusively limited to whether a totally disabling respiratory or pulmonary impairment is present. Compare 20 C.F.R. Sec. 718.204(c)(1) with Sec. 718.204(c)(5) and Sec. 718.204(b). Moreover, the record contains no medical evidence that a respiratory impairment partially attributable to pneumoconiosis could not be temporarily reduced by the administration of a bronchodilator. We note that the miner's ventilatory values differed only slightly before and after administration of the bronchodilator.
 
 
 5
 We also find the ALJ's attribution of greatest weight to the December 1987 study based on the fact that it is the most recent study to be insufficiently explained. "A bare appeal to 'recency' is an abdication of rational decisionmaking." Thorn v. Itmann Coal Co., 3 F.3d 713, 718 (4th Cir.1993). Less than five months separate the July and December studies, and the results of the studies are remarkably consistent. While an earlier study might conceivably be rationally devalued because it is extremely remote in time or because later studies consistently produce such dramatically disparate results that one would question whether the prior study was either an aberration or merely reflected some temporary condition which is no longer present, there is no reason apparent from the record, nor has the ALJ provided any, as to why the recency of the December study should be considered a salient factor in this case.
 
 
 6
 We note that the Board did not address the propriety of the ALJ's weighing of the pulmonary function study evidence under subsection (c)(1) because it affirmed based on the ALJ's determination that, even assuming that the ventilatory studies established a prima facie case of total disability, these studies were outweighed by the contrary probative evidence of record. We disagree, however, with the ALJ's assumption that the remaining evidence of record was "contrary" to the ventilatory studies. While the blood gas studies were nonqualifying, these studies do not offset qualifying ventilatory tests because the two kinds of studies measure different forms of impairment. See Tussey v. Island Creek Coal Co., 982 F.2d 1036, 1041 (6th Cir.1993). Moreover, while no physician specifically found the miner totally disabled, the only physicians submitting medical reports which rendered a documented opinion regarding impairment, Drs. Kapadia and Robinette, found the presence of a moderate or moderately severe respiratory or pulmonary impairment. Significantly, these final impressions by the physicians, arrived at after considering the cumulative weight of all the data they compiled regarding the miner's impairment, were essentially identical to the conclusions they reached after reviewing the ventilatory tests alone, as reflected by their comments on the test reports.
 
 
 7
 As the medical reports are entirely consistent with the ventilatory test reports, the medical reports cannot be viewed as "contrary" evidence. Moreover, we note that a finding of a moderate or moderately severe impairment could, depending on the exertional requirements of the miner's coal mine employment, be sufficient to establish total disability. The ALJ's errors in weighing the pulmonary function studies therefore are not harmless, and the ALJ's finding of no total disability is not supported by substantial evidence.
 
 
 8
 Accordingly, we vacate the decision of the Board and remand to the Board for further remand to the ALJ for further consideration of the medical evidence consistent with this opinion. We note that if the ALJ finds the presence of a totally disabling respiratory impairment on remand, he should determine whether such impairment is due to pneumoconiosis. See Jewell Smokeless Coal Corp. v. Street, 42 F.3d 241, 243-45 (4th Cir.1994). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 
 9
 VACATED AND REMANDED.