**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

SHIRLEY J. ROBERTS, Estate of Clyde
Roberts,
<u>Petitioner,</u>

v.

OLGA COAL COMPANY; WEST

No. 97-1660

VIRGINIA COAL WORKERS'
PNEUMOCONIOSIS FUND; DIRECTOR,
OFFICE OF WORKERS' COMPENSATION
PROGRAMS, UNITED STATES
DEPARTMENT OF LABOR,
<u>Respondents.</u>

On Petition for Review of an Order
of the Benefits Review Board.
(96-1436-BLA)

Submitted: October 20, 1997

Decided: November 3, 1997

Before HALL, HAMILTON, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

S.F. Raymond Smith, RUNDLE & RUNDLE, L.C., Pineville, West
Virginia, for Petitioner. K. Keian Weld, Senior Assistant Attorney
General, EMPLOYMENT PROGRAMS LITIGATION UNIT,

Charleston, West Virginia; Jeffrey Steven Goldberg, Christina P. Barber, UNITED STATES DEPARTMENT OF LABOR, Washington, D.C., for Respondents.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

For the second time Shirley Roberts, the widow of Clyde Roberts, petitions for review of a decision of the Benefits Review Board ("Board") affirming an administrative law judge's ("ALJ") denial of her husband's application for black lung benefits. The central facts and procedural history of this case are set forth in our prior decision in this case. Roberts v. West Virginia C.W.P. Fund, No. 95-1113 (4th Cir. Jan. 12, 1996) (unpublished). After our decision, it was settled that the miner suffered from pneumoconiosis and a totally disabling respiratory impairment. Because the Board did not rule on the issue of whether the miner's disabling respiratory impairment was "due to" pneumoconiosis, we remanded for consideration of this remaining critical element of entitlement. See Jewell Smokeless Coal Corp. v. Street, 42 F.3d 241, 243 (4th Cir. 1994) (discussing claimant's burden to prove that pneumoconiosis contributed to his totally disabling respiratory impairment).

On remand, the ALJ found that neither the death certificate nor any of the reports submitted by five physicians in this case linked pneumoconiosis to the miner's respiratory problems. Three physicians, Drs. Vasudevan, Naeye, and Hippensteel, explicitly addressed the etiology of the miner's impairment. None, however, found any connection to coal mine employment. Before the Board, Roberts argued that the ALJ erred by relying on the reports of Drs. Naeye and Hippensteel in finding no causation. The Board found that even assuming that this were true, any error would be harmless, because Roberts bore the bur-

2

den of proving that pneumoconiosis contributed to her husband's disability, and she did not even allege that the record contained any evidence linking the disease to his impairment. Accordingly, benefits were denied.

In this appeal, Roberts reiterates her contentions that the ALJ erred by relying on the opinions of Drs. Naeye and Hippensteel. She avers that Dr. Naeye's finding that the miner's pneumoconiosis was too mild to have contributed to his respiratory problems is not well reasoned, and that Dr. Hippensteel's attribution of the miner's impairment to smoking relies on reasoning inimical to our decision in Warth v. Southern Ohio Coal Co., 60 F.3d 173 (4th Cir. 1995).

We note that Roberts does not challenge the ALJ's reliance on Dr. Vasudevan, who also found no connection between pneumoconiosis and the miner's disability. Even excluding the opinions of Drs. Naeye and Hippensteel, his opinion could support a finding of no causation. Moreover, we agree with the Board that, regardless of whether the ALJ erred by accepting the opinions of the coal company's physicians, the absence of any affirmative evidence of causation is fatal to Roberts' claim. See Robinson v. Pickands Mather & Co., 914 F.2d 35, 38 (4th Cir. 1990). The closest the record comes to providing such evidence is Dr. Naeye's finding that the miner's disability arose from a "severe pulmonary fibrosis." Because Dr. Naeye did not connect the fibrosis to the miner's coal mine employment, however, this finding does not assist Roberts in carrying her burden. See id. at 39. Accordingly, the decision of the Board is affirmed. We deny Respondent's motion for oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED