**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

CHARLES SCHIFANO,
Petitioner,

v.

SOUTH UNION COAL COMPANY; WEST
VIRGINIA COAL WORKERS'

PNEUMOCONIOSIS FUND; DIRECTOR,
OFFICE OF WORKERS' COMPENSATION
PROGRAMS, UNITED STATES
DEPARTMENT OF LABOR,
Respondents.

No. 97-1179

On Petition for Review of an Order
of the Benefits Review Board.
(94-2321-BLA,
93-1201-BLA)

Argued: October 31, 1997

Decided: January 15, 1998

Before HAMILTON, WILLIAMS, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** James Hook, Waynesburg, Pennsylvania, for Petitioner.
Jennifer U. Toth, UNITED STATES DEPARTMENT OF LABOR,
Washington, D.C.; Stephen Eric Crist, Assistant Attorney General,

EMPLOYMENT PROGRAMS LITIGATION UNIT, Charleston, West Virginia, for Respondents. **ON BRIEF:** J. Davitt McAteer, Acting Solicitor of Labor, Donald S. Shire, Associate Solicitor, Christian P. Barber, Counsel for Appellate Litigation, UNITED STATES DEPARTMENT OF LABOR, Washington, D.C., for Respondent Director.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Petitioner Charles Schifano (Schifano), a former coal-miner who worked for Respondent South Union Coal Company (South Union Coal), petitions for review of a decision by the Benefits Review Board (the BRB) affirming an administrative law judge's (ALJ) denial of benefits under the Black Lung Benefits Act, 30 U.S.C. §§ 901-945. Schifano asserts that the ALJ erred (1) by reviewing Schifano's claim under the regulations in 20 C.F.R. Part 718 (the Permanent Regulations) instead of those found in 20 C.F.R. Part 727 (the Interim Regulations), and (2) by denying Schifano benefits under either set of regulations. Because we conclude the ALJ appropriately reviewed Schifano's claim under the Permanent Regulations and the denial of benefits was supported by substantial evidence, we affirm.

I.

On May 2, 1973, Schifano filed a claim with the Social Security Administration (SSA) for benefits under Part B of the Black Lung Benefits Act, 30 U.S.C. §§ 921-925. The SSA denied his claim several times, as did an ALJ and the SSA Appeals Council. On April 5, 1978, after Congress enacted the Black Lung Benefits Reform Act of 1977 (Reform Act), Pub. L. No. 95-239, 92 Stat. 95 (1978), Schifano elected to have his 1973 claim reopened and reviewed by the SSA.

2

The SSA again denied Schifano's claim, but referred it to the Department of Labor (DOL) for further Reform Act review. On October 3, 1980, the DOL finally denied benefits because the evidence failed to prove that Schifano was totally disabled by pneumoconiosis. Schifano took no further action on this claim.

On June 2, 1982, Schifano filed a second claim for benefits, this time with the DOL and for benefits under Part C of the Black Lung Benefits Act, 30 U.S.C. §§ 931-945. On January 12, 1983, a DOL district director denied the claim. After a hearing held at Schifano's request, an ALJ also denied him benefits. The ALJ found that Schifano had abandoned his 1973 claim and, accordingly, adjudicated the 1982 claim pursuant to the Permanent Regulations. The ALJ denied Schifano benefits because, although South Union Coal conceded Schifano had pneumoconiosis arising out of coal mine employment, the ALJ found that the evidence failed to establish that Schifano was totally disabled by a respiratory or pulmonary impairment under 20 C.F.R. § 718.204(c).

Schifano appealed to the BRB. On June 25, 1992, the BRB upheld the ALJ's adjudication of Schifano's 1982 claim under the Permanent Regulations. However, the BRB vacated the ALJ's denial of benefits and remanded the case for further development of the medical evidence. The ALJ in turn remanded the case to the district director.

The additional medical evidence consisted of four pulmonary function studies, three arterial blood gas studies and the medical opinions of four physicians who had examined Schifano. After considering this evidence, the district director again denied Schifano's claim. Schifano requested and received another hearing before an ALJ, but on January 24, 1994, the ALJ again denied benefits. After carefully examining the pulmonary function studies, the arterial blood gas tests and the physicians' reports, the ALJ concluded that Schifano had failed to prove he suffered from a totally disabling respiratory or pulmonary disease. Schifano unsuccessfully moved for reconsideration.

On October 5, 1994, the BRB affirmed the ALJ's denial of benefits. The BRB reviewed the ALJ's examination of the physicians' reports and concluded that Schifano had failed to prove he suffered from a totally disabling respiratory or pulmonary disease. On Decem-

3

ber 20, 1996, the BRB summarily denied Schifano's motion for reconsideration. Schifano then filed the present petition for review.

## II.

Schifano first argues that the ALJ erred by adjudicating his 1982 claim under the Permanent Regulations. He suggests that his 1982 claim should "merge" with his 1973 claim, and thus be reviewed under the Interim Regulations. We reject Schifano's suggestion that his 1973 and 1982 claims have merged.

Respondent Director of the Office of Workers' Compensation Programs (the Director) and the Secretary of Labor administer the Black Lung Benefits Act, see 20 C.F.R. § 701.202(f), and their interpretation of the Act is entitled to deference. See Pauley v. BethEnergy Mines, Inc., 501 U.S. 680, 696-99 (1991). Their consistent regulatory interpretation "is deserving of substantial deference unless it is plainly erroneous or inconsistent with the regulation." Mullins Coal Co., Inc. v. Director, OWCP, 484 U.S. 135, 159 (1987) (internal quotation marks omitted).

### A.

Congress enacted the Black Lung Benefits Reform Act because it was dissatisfied with the DOL's slow claims process and low claims approval rate in black lung cases. See Pauley , 501 U.S. at 687-88. The Reform Act required, inter alia, the Secretary of Labor to promulgate two sets of regulations that would govern the adjudication of black lung claims: first, a set of interim regulations that would apply to--and facilitate the rapid resolution of--already-pending claims; and second, a set of permanent regulations that would apply to all claims filed after the regulations' promulgation. See 30 U.S.C. § 902(f)(1)(D) and (2)(C).

The Secretary of Labor implemented this scheme and promulgated the regulations on March 31, 1980. Therefore, claims filed after that date are to be adjudicated under the Permanent Regulations in 20 C.F.R. Part 718, while claims filed before that date are subject to the Interim Regulations found in Part 727. See Mullins Coal, 484 U.S. at

4

139. The Interim Regulations liberalized the criteria for eligibility and provided a claimant with certain rebuttable presumptions of eligibility. See 20 C.F.R. § 727.203(a)(1)-(4). The Permanent Regulations, on the other hand, require the claimant to prove every element of his claim. See Jewell Smokeless Coal Corp. v. Street , 42 F.3d 241, 243 (4th Cir. 1994).

B.

It is undisputed that Schifano filed his 1982 claim after the Permanent Regulations were promulgated, so normally that claim would be reviewed under the Permanent Regulations. However, Schifano argues that, under 20 C.F.R. § 725.309(c), his 1982 claim should merge with his 1973 claim and be treated as one filed before the promulgation of the regulations and reviewed under the Interim Regulations. We disagree.

Section 725.309(c) of 20 C.F.R. provides in pertinent part that:

> A claimant who filed a claim for benefits under part B of title IV of the Act or part C of title IV of the Act before March 1, 1978, and whose previous claim(s) are pending or have been finally denied, who files an additional claim under this part, shall have the later claim merged with any earlier claim subject to review under part 727 of this subchapter.

Schifano argues that this provision essentially should be interpreted to mean that "A claimant . . . who files an additional claim . . . shall have the later claim merged with any earlier claim[that was ever] subject to review under part 727 of this subchapter." Compare 20 C.F.R. § 725.309(c). However, the Director argues, as he did in Peabody Coal Co. v. Spese, 117 F.3d 1001 (7th Cir. 1997) (en banc), and Tonelli v. Director, OWCP, 878 F.2d 1083 (8th Cir. 1989), that § 725.309(c) should be interpreted to mean that "A claimant . . . who files an additional claim . . . shall have the later claim merged with any earlier claim [still] subject to review under part 727 of this subchapter." Compare 20 C.F.R. § 725.309(c).

5

We accept the Director's interpretation of § 725.309(c) for two reasons. First, the statute plainly provides--and Congress plainly intended--that the Interim Regulations apply only to claims filed on or before March 31, 1980. See 30 U.S.C.§ 902(f)(2)(C). However, Schifano's interpretation of § 725.309(c) would permit all those who filed claims before that date to benefit from the Interim Regulations. In effect, Schifano's interpretation would render the Interim Regulations permanent, contrary to the statutory scheme created by Congress.

Second, the second sentence of § 725.309(c) provides that:

> If an earlier claim subject to review under part 727 of this subchapter has been denied after review, a new claim filed under this part shall also be denied, on the grounds of the prior denial, unless the deputy commissioner determines that there has been a material change in conditions or the later claim is a request for modification . . . .

20 C.F.R. § 725.309(c). Schifano's interpretation would effectively eliminate this sentence, because any claimant could resurrect a claim denied under the Interim Regulations without showing a material change in conditions or requesting a modification.

The Director's interpretation of § 725.309(c) is entirely reasonable and consistent with the statute and other provisions in the regulation. Consequently, we cannot conclude the Director's interpretation is plainly erroneous. See Pauley, 501 U.S. at 696-99; Mullins Coal, 484 U.S. at 159. Therefore, under Pauley and Mullins Coal, we must accord substantial deference to that interpretation and adopt it. We note that this decision is in line with those of the other circuits that have addressed this issue. See Spese, 117 F.3d at 1006-07; Tonelli, 878 F.2d at 1087.

After the DOL's final rejection of Schifano's 1973 claim in October 1980, Schifano took no further action on the claim. We hold that Schifano abandoned that claim and, therefore, it was not pending when he filed his 1982 claim. Consequently, the claims did not merge

6

and the ALJ appropriately reviewed Schifano's 1982 claim under the Permanent Regulations.*

III.

Schifano next argues that, even if the ALJ appropriately reviewed his 1982 claim under the Permanent Regulations, the ALJ incorrectly determined that he was not entitled to benefits under those regulations. Again, we disagree.

We review a denial of benefits under the Black Lung Benefits Act by undertaking an independent review of the record, as in the place of the BRB, to determine whether the ALJ's factual findings were based on substantial evidence in the record. See Toler v. Eastern Associated Coal Co., 43 F.3d 109, 114 (4th Cir. 1995). We review the ALJ's determinations of law de novo. See id.

A.

In order to obtain benefits under the Permanent Regulations, the claimant must prove (1) he has pneumoconiosis; (2) the disease arose out of coal mine employment; (3) he suffers from a totally disabling respiratory or pulmonary condition; and (4) his pneumoconiosis is a contributing cause to his total disability. See Jewell, 42 F.3d at 243; Robinson v. Pickands Mather & Co./Leslie Coal Co. , 914 F.2d 35, 36 (4th Cir. 1990); 20 C.F.R. §§ 718.201-.204. South Union Coal concedes that Schifano has pneumoconiosis that arose out of coal mine employment. Consequently, Schifano has satisfied the first two prongs of the Jewell/Robinson test. The next issue is, therefore, whether Schifano has proved he suffers from a totally disabling respiratory or pulmonary condition.

A claimant may prove he suffers from total disability with either (1) a qualifying pulmonary function test; (2) a qualifying arterial blood gas test; (3) evidence that he suffers from cor pulmonale with right-sided congestive heart failure; or (4) a physician's conclusion,

_____

*In light of our ruling, we decline to address Schifano's argument that the ALJ erred in denying him benefits under the Interim Regulations.

7

after an exercise of reasoned medical judgment and based on medically acceptable clinical and laboratory diagnostic techniques, that the claimant's respiratory or pulmonary condition prevents him from engaging in his usual coal mine employment. See 20 C.F.R. § 718.204(c)(1)-(4). The ALJ examined the medical evidence to determine whether Schifano had satisfied any of these conditions.

B.

The ALJ first examined the results of the pulmonary function and arterial blood gas tests, and found that none produced qualifying results. The ALJ then found that the record did not contain any evidence Schifano is suffering from cor pulmonale with right-sided congestive heart failure. Schifano does not contest these findings. Rather, he challenges only the ALJ's reliance on the physicians' opinions that he is not totally disabled.

In concluding that Schifano was not totally disabled as a result of pneumoconiosis, the ALJ relied heavily on the opinions of two of the three physicians hired by South Union Coal, Drs. Renn and Jaworski. Conversely, the ALJ discounted the opinion of Schifano's only expert, Dr. Levine, because his conclusion that Schifano was totally disabled due to a pulmonary impairment conflicted with his pulmonary function test which produced normal results. In addition, the ALJ found Dr. Renn's opinion to be worth more weight because Dr. Renn was a pulmonary specialist while Dr. Levine was merely an allergy specialist.

Schifano complains that, for various reasons, the opinions of Drs. Renn and Jaworski should have carried little, if any, weight. However, even if we were to accept these reasons, the fact that the medical opinions on which South Union Coal relies might be entitled to less weight does not mean that Schifano has affirmatively proved his case.

We have carefully reviewed the medical evidence and find that the decision of the ALJ was supported by substantial evidence. First, South Union Coal presented the opinions of three physicians that, while the details of their diagnoses differed, were in agreement that Schifano was not totally disabled due to pneumoconiosis. Second, we agree with the ALJ that Dr. Renn's opinion was entitled to more

8

weight than that of Dr. Levine because Dr. Renn is a pulmonary specialist. And third, we also agree that Dr. Levine's opinion was inadequately reasoned because Dr. Levine failed to reconcile his conclusion that Schifano was totally disabled due to a pulmonary impairment with the results of his normal pulmonary function test. Consequently, we hold that Schifano failed to meet his burden under Jewell/Robinson and the Permanent Regulations of proving he suffers from a totally disabling respiratory or pulmonary condition. Absent such proof, we need not address the final element of his claim, namely whether pneumoconiosis is a contributing cause to the total disability. See Jewell, 42 F.3d at 243; Robinson, 914 F.2d at 36; 20 C.F.R. §§ 718.201-.204.

IV.

We have examined Schifano's other alleged assignments of error and conclude they have no merit. Consequently, we affirm the ALJ's denial of benefits.

AFFIRMED

9