**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

DOUGLAS ENGLAND,
<u>Petitioner,</u>

v.

EASTERN ASSOCIATED COAL

CORPORATION; DIRECTOR, OFFICE OF
WORKERS' COMPENSATION PROGRAMS,
UNITED STATES DEPARTMENT OF
LABOR,
<u>Respondents.</u>

No. 97-2309

On Petition for Review of an Order
of the Benefits Review Board.
(96-1154-BLA)

Submitted: July 14, 1998

Decided: August 4, 1998

Before MURNAGHAN and WILLIAMS, Circuit Judges, and
HALL, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

S.F. Raymond Smith, RUNDLE & RUNDLE, L.C., Pineville, West
Virginia, for Appellant. Mark E. Solomons, Laura Metcoff Klaus,
ARTER & HADDEN, Washington, D.C., for Respondents.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Douglas England appeals the Benefits Review Board's ("BRB") decision upholding a finding by the administrative law judge ("ALJ") that England was not entitled to black lung disability benefits because he failed to establish total disability. For reasons stated more fully below, we affirm the BRB's decision denying benefits.

I.

The procedural background of this case is tortured. In 1986, while still working as a miner, England filed an application for benefits under the Black Lung Benefits Act, 30 U.S.C.A. §§ 901-945 (West 1986 & Supp. 1998). Initially, the Department of Labor denied disability benefits. England then requested a formal hearing on the matter before an ALJ.

The ALJ concluded that the x-ray and medical opinion evidence established pneumoconiosis. In addition, the ALJ determined that England had established total disability due to pneumoconiosis on the basis of the reports of Drs. Daniel and Cardona. The BRB vacated that decision and remanded to the ALJ for consideration of an omitted x-ray and discussion of how the conflicting medical opinions were weighed, both in determining the existence of pneumoconiosis and in finding total disability.

On remand, a new ALJ issued an order denying England's claim. The ALJ concluded that the weight of the x-ray evidence established pneumoconiosis. He found, however, that England failed to establish that he was disabled for work by any respiratory or pulmonary impairment. There was conflicting medical opinion evidence on this issue, and the ALJ accorded greater weight to the reports of Drs. Zaldivar (no total disability), Tuteur (disability, but not caused by pneu-

2

moconiosis), Pfister (no pulmonary impairment), Leef (no pulmonary impairment), and Starr (not totally disabled) than to those of Drs. Daniel and Cardona. The ALJ based this decision on the fact that Drs. Zaldivar and Tuteur were board-certified in internal medicine and pulmonary diseases, and Drs. Daniel and Cardona were not.

The BRB again remanded the claim for additional consideration. The BRB believed that the ALJ had mischaracterized Dr. Teuter's diagnosis and collapsed the discussion of total disability and causation. Although Dr. Teuter found that England's disability was not due to pneumoconiosis, he found that England was, in fact, totally disabled from a respiratory standpoint. The BRB remanded for reconsideration of the issue of total disability.

On remand, the ALJ accorded the greatest weight to Dr. Teuter's report, finding that it was consistent with Drs. Daniel, Pfister, Leef, Cook (pneumoconiosis, but no conclusion as to total disability), Starr, and Cardona, and concluded that England's pneumoconiosis arose in part from his coal mine employment. The ALJ discounted Dr. Zaldivar's report as against the weight of the evidence. On reconsideration, the ALJ acknowledged that he had merged his analysis of total disability and disability causation. In a second order, the ALJ explained that the medical opinion evidence did not establish England's total respiratory disability for work. In so holding, the ALJ credited the opinions of Drs. Pfister, Leef, Rasmussen (minimal loss of function), Starr, and Zaldivar. He discounted Dr. Daniel's opinion for failure to discuss England's employment requirements and discounted Dr. Cardona's opinion for failure to discuss objective test results.

The BRB remanded to the ALJ once again, ordering the ALJ to further consider Dr. Daniel's opinion in light of the other evidence of record. The claim was referred to a third ALJ, who again denied the claim. The ALJ found that, even considering England's testimony regarding the demands of his coal mine employment, he could not infer total disability from Dr. Daniel's medical assessment of England's limitations. The ALJ further reasoned that, in any event, Dr. Daniel's assessment was not reliable, because it was at odds with the objective evidence in the record and England's testimony that he continued to work for one year after Dr. Daniel's examination.

3

This time, the BRB affirmed the ALJ's conclusions, finding no basis on which to disturb the ALJ's credibility findings. England's motion for reconsideration was granted, but the BRB declined to overturn its earlier decision. England now appeals.

II.

Proof of total disability may be established by: (1) qualifying pulmonary function studies; (2) qualifying arterial blood gas tests; (3) proof of cor pulmonale with right-sided congestive heart failure; or (4) reasoned medical opinions based on medically acceptable clinical and laboratory tests. See 20 C.F.R. § 718.204(c)(1)-(4) (1997). After concluding that England failed to establish total disability under (1), (2) or (3), the ALJ rightfully considered the medical reports to determine whether disability could be established based on medical opinion. After reviewing the physicians' reports, the ALJ found that England failed to establish disability under § 718.204(c)(4) and thus was not entitled to benefits. He stated:

> Dr. Daniel's assessment of the claimant's work capacity is not reliable and does not establish the presence of a totally disabling respiratory or pulmonary impairment. Assuming that the claimant's job did involve heavy manual labor, for example when loading and unloading supplies, he continued to do that work for a year after Dr. Daniel's examination, with no change in the way he performed the job, until he sustained a rotator cuff injury to a shoulder. He has significant heart disease dating back to 1978 or 1979. His ventilatory function and arterial blood gas test results were not merely "non-qualifying" but were far above table examinations values and noted to be normal. Subsequent thorough physical examinations by Drs. Rasmussen, Starr and Zaldivar in particular, revealed no significant pulmonary disease. The medical evidence does not establish that the claimant has a totally disabling respiratory or pulmonary impairment.
>
> Dr. Daniel's opinion is far outweighed by the claimant's own job performance between August 1986 and August 1987, and by the persuasive medical opinions of all other examining physicians (except Dr. Cardona).

4

The BRB declined to reweigh the medical evidence of record and affirmed the ALJ's decision. England argues on appeal that the only reasoned medical opinions (those of Drs. Daniel and Cardona) establish total disability. He also asserts that the BRB erred in not considering his arguments on causation.

III.

On appeal, we must determine whether the BRB's decision upholding the ALJ's finding of no disability was supported by substantial evidence, consistent with applicable law, and, specifically, whether the ALJ acted properly in granting more weight to the medical opinions of the physicians who found no total disability. See Walker v. Director, Office of Workers' Compensation Programs, 927 F.2d 181, 182-85 & n.2 (4th Cir. 1991).

The ALJ found Dr. Daniel's assessment of total disability to be unreliable due to the fact that England continued working for a year after Dr. Daniel's examination. In addition, the objective evidence of record, including the other medical tests and later examinations, revealed no pulmonary disease. The ALJ held Dr. Cardona's opinion entitled to less weight, because he failed to discuss a blood gas test and a pulmonary function study (showing no disability) which he himself conducted. It was certainly within the ALJ's discretion to consider the thoroughness of and underlying support for the conclusions reached by the doctors. See Thorn v. Itmann Coal Co., 3 F.3d 713, 718-19 (4th Cir. 1993).

It is not for this court to decide the facts de novo or to substitute our judgment for that of the ALJ. On appeal, we must merely determine whether the ALJ's decision to accord less weight to the medical opinions of Drs. Daniel and Cardona was rational and supported by substantial evidence. See Jordan v. Califano, 582 F.2d 1333, 1335 (4th Cir. 1978). We hold that it was.

IV.

Because we find that the ALJ did not err in discounting the medical opinions of Drs. Daniel and Cardona in determining that England was

5

not totally disabled, we need not reach the issue of whether the BRB erred in finding that England waived the issue of causation. England's failure to establish his total disability due to any respiratory or pulmonary impairment precluded an award of benefits, regardless of whether his disability was caused by pneumoconiosis. See Jewell Smokeless Coal Corp. v. Street, 42 F.3d 241, 243-45 (4th Cir. 1994).

For the foregoing reasons, we affirm the BRB's decision upholding the ALJ's denial of black lung benefits to England. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in decisional process.

AFFIRMED

6